UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YANCY D. COOK,

                        Petitioner,

        -against-                                             9:15-cv-0248 (LEK)

STEVEN R. BAYLE, *et al.*,

                        Respondents.

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Yancy D. Cook ("Petitioner"), through his attorney, Bruce R. Bryan, filed an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an accompanying Memorandum of Law on August 6, 2015. Dkt. Nos. 3 ("Amended Petition"); 3-1 ("Petitioner's Memorandum").[1] He challenges his judgment of conviction, following a jury trial in Saratoga County Court, of aggravated driving while intoxicated (N.Y. VEH. & TRAF. LAW § 1192(2-a)(b)) and two counts of driving while intoxicated (N.Y. VEH. & TRAF. LAW §§ 1192(2), (3)). Petitioner's sole ground for habeas relief is that his Sixth Amendment right to confront witnesses was violated when the trial court allowed the introduction of maintenance records for a breathalyzer machine used to measure Petitioner's blood alcohol content ("BAC") without requiring the People to produce the individual who signed the records as a witness for examination. Am. Pet. at 7.

Respondent opposes the Amended Petition. Dkt. Nos. 7 ("Respondent's Memorandum"); 8

---

[1] The cited page numbers for the Amended Petition (Dkt. No. 3) and Petitioner's Memorandum (Dkt. No. 3-1) refer to those generated by the Court's electronic filing system ("ECF").

("Answer"); 9 ("State Court Records").[2]

For the reasons that follow, the Petition is denied and dismissed.

## II. BACKGROUND

On the evening of May 3, 2011, Petitioner was operating an all-terrain vehicle ("ATV") with his seven year old son as a passenger. SCR at 152. New York State Trooper, Kevin Manion, was patrolling in the Town of Malta that evening and observed the ATV execute a right-hand turn without signaling. Id. at 148-49. At that point, Trooper Manion followed the ATV and initiated a traffic stop in the driveway of a private residence. Id. at 151. When Trooper Manion approached Petitioner, he immediately smelled the odor of alcohol, and noticed that Petitioner's speech was "a little slurred and his face was flushed." Id. at 154-55. He also noted that Petitioner's eyes looked "glassy." Id.

Trooper Manion asked Petitioner whether he had consumed any alcohol and Petitioner replied that he had drunk "two sex on the beaches." Id. Based on Petitioner's appearance and statements, Trooper Manion performed four field sobriety tests. Id. at 160-78. Petitioner failed all four tests. Id. The trooper also administered a portable breath screening device, which indicated a positive reading for alcohol. Id. at 186-87. Petitioner was then placed under arrest for driving while intoxicated and transported to the state police barracks. Id. at 191-92.

Petitioner agreed to submit to a breathalyzer test at the police station. Id. at 194-96, 210. Trooper Manion administered the breathalyzer test using a Draeger Alcotest Model 9510, which resulted in a reportable BAC of .12 percent. Id. at 200, 244-47, 477.

---

[2] The cited page numbers for the Answer and Respondent's Memorandum refer to those generated by ECF. The "SCR" page numbers for the State Court Records appear at the top center of each page.

A Saratoga County grand jury subsequently charged Petitioner with Aggravated Driving While Intoxicated (N.Y. VEH. & TRAF. LAW § 1192(2-a)(b)) and two counts of Driving While Intoxicated (N.Y. VEH. & TRAF. LAW §§ 1192(2), (3)).  Id. at 6-8.  A two-day jury trial was held on May 21 and 22, 2012.  On May 23, 2012, the jury found Petitioner guilty of all charges.  Id. at 466-67.  On July 19, 2012, Petitioner was sentenced to four months incarceration followed by three years conditional discharge during which Petitioner would be required to use an ignition interlock device.  Id. at 484-85.

On direct appeal, Petitioner argued that the trial court violated his Sixth Amendment right to confrontation by allowing the People to admit the maintenance records of the breathalyzer machine without producing the state employee who prepared those records for examination.  Id. at 495-99.  The Appellate Division affirmed the conviction, finding that the documents in question were not testimonial in nature and therefore were not subject to the right of confrontation.  People v. Cook, 975 N.Y.S.2d 505 (App. Div. 2013).  The New York Court of Appeals denied Petitioner's application for leave to appeal.  People v. Cook, 7 N.E.3d 1127 (N.Y. 2014).

## III. DISCUSSION

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision was: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. §§ 2254(d)(1), (2); Cullen

v. Pinholster, 563 U.S. 170, 181 (2011); Premo v. Moore, 562 U.S. 115, 120-21 (2011); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." Felkner v. Jackson, 562 U.S. 594, 598 (2011) (per curiam) (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting Richter, 562 U.S. at 103)).

The AEDPA foreclosed "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Parker v. Matthews, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting Renico, 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. Wood v. Allen, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro, 550 U.S. at 473.

Federal habeas courts must presume that a state court's factual findings are correct unless a

4

petitioner rebuts that presumption with "clear and convincing evidence." Schriro, 550 U.S. at 473-74 (quoting § 2254(e)(1)). Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ." Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).

### B. Right to Confrontation

The People introduced various exhibits during the trial, including the calibration and maintenance records for the Alcotest Model 9510 that Trooper Manion used to conduct the breathalyzer test on Petitioner the night he was arrested. SCR at 212-26, 475-76, 478-79.[3] The People sought to introduce the records during Trooper Manion's testimony, even though he did not perform the inspection or calibration of the breathalyzer machine. Id. at 212-26. Petitioner objected to the admission of these documents as violating Petitioner's Sixth Amendment right to confrontation because he did not have the opportunity to cross-examine the witnesses who inspected the breathalyzer machine at trial. Id. at 214-16. He identified the Supreme Court cases of Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), as support for his interpretation of the Confrontation Clause. Id.

The People argued that the maintenance records were admissible, and did not violate Petitioner's right to cross-examine witnesses because "[t]hese are routine maintenance logs that are non-testimonial in nature," and were not accusatory in any manner. Id. at 217-18. The trial court allowed the People to admit the maintenance records stating that, in contrast to the Melendez-Diaz and Bullcoming cases, the documents offered by the People "are not accusatory and in the sense that

---

[3] The State Court Records include an entire copy of Exhibit 5, which contains calibration and maintenance records dated February 3, 2010, and May 13, 2010. SCR at 473-75. At trial, however, only the May 13, 2010 records were moved and admitted into evidence. SCR at 225-26.

5

they do not establish an element of the crime and they shed no light on the Defendant's guilt or innocence." Id. at 224.

The Appellate Division affirmed the trial court's decision, finding that the calibration and maintenance records were admissible. Cook, 975 N.Y.S.2d at 506. The Appellate Division relied heavily on a recent Court of Appeals case, People v. Pealer, which found that "documents pertaining to the routine inspection, maintenance and calibration of breathalyzer machines are nontestimonial under [Crawford v. Washington, 541 U.S. 36, 53-54 (2004)] and its progeny." Id. at 506 (alteration in original) (quoting People v. Pealer, 20 N.Y.3d 447, 456 (2013)). Although Petitioner argued that the Supreme Court's cases of Melendez-Diaz and Bullcoming required a different result, the Court of Appeals' decision in Pealer specifically addressed the holdings of those cases and rejected Petitioner's argument. Id. at 506 n.1. For the following reasons, the Court finds that the Appellate Division's decision was neither contrary to, nor an unreasonable application of, current Supreme Court precedent.

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause prohibits admission of "testimonial" statements of witnesses who do not appear at trial unless (1) the witness is unavailable to testify, and (2) the defendant had a prior opportunity to cross-examine the witness. Crawford, 541 U.S. at 54.

The Supreme Court revisited the Crawford decision in the case of Melendez-Diaz v. Massachusetts, which involved the introduction of forensic analysis reports which found that a substance seized from a defendant contained cocaine. 557 U.S. 305 (2009). The Supreme Court

held that such reports were "testimonial statements" and that the analysts who prepared the reports were witnesses for purposes of the Sixth Amendment. Id. at 311. The Supreme Court reasoned that the forensic reports "are quite plainly affidavits . . . 'made for the purpose of establishing or proving some fact'" at trial. Id. at 310 (quoting Crawford, 541 U.S. at 51). Even though business records, such as the forensic reports, are generally admissible under an exception to the hearsay rules, the Supreme Court held that such records may nevertheless violate the Confrontation Clause if the documents were specifically prepared for use at trial. Id. at 324 (holding analyst's statements, "prepared specifically for use at petitioner's trial," testimonial and subject to confrontation). However, as relevant here, the Supreme Court also noted that "it is not the case, that anyone whose testimony may be relevant in establishing the . . . accuracy of the testing device, must appear in person as part of the prosecution's case." Id. at 311 n.1. Instead, "documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records." Id.

In 2011, the Supreme Court again revisited the scope of the Sixth Amendment's right to confrontation in the case of Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011). The Supreme Court held that a defendant's right to confrontation was violated when he was denied the opportunity to question the analyst who certified a blood-alcohol report relating to his arrest for driving under the influence. Bullcoming, 131 S. Ct. at 2717. During trial, the People introduced the blood-alcohol certificate as a business record through the testimony of "an analyst who did not sign the certification or personally perform or observe the performance of the test." Id. at 2713. The Supreme Court held the certificate was testimonial because—like Melendez-Diaz—the certificate was specifically created for the defendant's trial. Id. at 2717. As such, "surrogate testimony" from someone other than the author who signed the certificate failed to satisfy the Confrontation Clause.

7

Id. at 2709.

Unlike Melendez-Diaz and Bullcoming, the Appellate Division in the instant case found that the maintenance records introduced during Petitioner's trial were nontestimonial, and therefore fell outside the scope of the Confrontation Clause of the Sixth Amendment. Cook, 975 N.Y.S.2d at 506. In rendering its decision, the Appellate Division relied exclusively on Pealer, which addressed the very issue presented in this case: "whether records pertaining to the routine inspection, maintenance and calibration of breathalyzer machines [could] be offered as evidence in a criminal trial without producing the persons who created the records." Pealer, 20 N.Y.3d at 451. The Court of Appeals held that the documents were nontestimonial, and therefore were "not subject to the Confrontation Clause requirements set forth in Crawford." Id.

Notably, the Court of Appeals identified the following differences between the forensic analysis reports in Melendez-Diaz and the maintenance records sought to be introduced in Pealer:

> It may reasonably be inferred that the primary motivation for examining the breathalyzer was to advise the [police] that its machine was adequately calibrated and operating properly. The testing of the machine was performed by employees of the Division of Criminal Justice Services, an executive agency that is independent of law enforcement agencies, whose task was to ensure the reliability of such machines—not to secure evidence for use in any particular criminal proceeding. The fact that the scientific test results and the observations of the technicians might be relevant to future prosecutions of unknown defendants was, at most, an ancillary consideration when they inspected and calibrated the machine.

Pealer, 20 N.Y.3d at 455 (citations omitted). Furthermore, "unlike the certification of the accused's actual blood content in Bullcoming," the Court of Appeals noted that "the breathalyzer testing certificates do not directly inculpate defendant or prove an essential element of the charges against him." Id. In sum, the Court of Appeals endorsed the "widely-held view . . . that documents

8

pertaining to the routine inspection, maintenance and calibration of breathalyzer machines are nontestimonial under Crawford and its progeny." Id. at 456 (collecting cases).

The Appellate Division's decision to rely on Pealer, and to conclude that the maintenance and calibration records in this case were nontestimonial, was not contrary to nor an unreasonable application of clearly established Supreme Court precedent. To be sure, the Supreme Court has never explicitly addressed whether inspection, maintenance or calibration records fall under the Sixth Amendment's confrontation requirements. Instead, the Supreme Court only stated in dicta that "documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records." Melendez-Diaz, 557 U.S. at 311 n.1.

A federal habeas court may not grant a writ of habeas corpus unless "a state court's application of federal law . . . is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" Nevada v. Jackson, 133 S. Ct. at 1992 (quoting Richter, 562 U.S. at 102). Since the Supreme Court has not directly addressed whether inspection and maintenance records are testimonial, and the fact there is "virtually uniform national consensus" by other courts holding similar documents are admissible absent confrontation (Pealer, 20 N.Y.3d at 455-56 (collecting cases)), Petitioner cannot "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Metrish, 133 S. Ct. at 1787 (quoting Richter, 562 U.S. at 103). Accordingly, Petitioner is not entitled to habeas relief, and his Amended Petition is denied and dismissed.

## IV.    CONCLUSION

Accordingly, it is hereby:

9

**ORDERED** that the Amended Petition (Dkt. No. 3) and Supplemental Petition (Dkt. No. 11) are **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b); and it is further

**ORDERED** that the Clerk of the Court serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:      April 22, 2016
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right . . . .'").